SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RALPH BRANNON                                               )
                                                            )
          Plaintiff,                                     )
   against-                                              )
                                                            )
DELTA AIRLINES, INC, REBECCA BERNANDIN,                     )
CORIE NICHOLS POSIE AND THE PORT                            )
AUTHORITY OF THE STATE OF NEW                               )
YORK AND NEW JERSEY                                         )
                                                            )
                                                            )
          Defendants                                     )
------------------------------------------------------------x

17 cv 6024 (RA)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Attorney/Prose, **RALPH BRANNON**, respectfully alleges as follows upon information and belief as his Complaint:

## NATURE OF THE CASE

1. Plaintiff, a Vietnam Era African-American., brings this action seeking monetary relief against Delta Airlines, Inc., Flight Attendants, Corie Nichols Posie, Rebecca Bernardin and the Port Authority of the State of New York and New Jersey for unlawful discrimination. In the mannered described against herein, that on August 11, 2016 defendants Bernandin and Posie unlawfully caused plaintiff extreme mental anguish and harm by making false statements that was intended to cause pain, personally cast plaintiff in a false light in that the image of a black man being detained reinforces stereotypes and reinforces bias and prejudice against people of African heritage on the basis race, color, ethnicity, alienage, ancestry and/ or national origin. Their egregious and spiteful statement and conduct exacerbated plaintiff's preexisting condition by their conduct that was intentional and in violation of 42 U.S.C.§1981; Title VI of the Civil Rights Act of 1964, 42 U.S.C.§2000d; the New York law against discrimination, Civil Rights



Law 1909, Article 4 et seq in addition to seeking compensatory and punitive damages. Plaintiff seeks a declaration and injunctive relief by declaring the Port Authority of the State of New York/ New Jersey in violation of the Freedom of Information Act by concealing information on witnesses that may be favorable to plaintiff.

## JURISDICTION AND VENUE

2. This court has original jurisdiction over this action pursuant to 28 USC§ 1332 in that such jurisdiction is founded upon diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five thousand ($75,000) and 28 USC 1331,1343 and 1367. Plaintiff seeks relief for declaratory and monetary relief authorized by 28 USC§1343, 2201 and 2202 and USC§1391 request for monetary relief is authorized by 28 USC§ 1343(a) (VI) and 2202.

3. Venue is proper pursuant to§ 1391(a) Plaintiff requests that this Court exercise pendent jurisdiction over those State law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## INTRODUCTORY STATEMENT

4. This civil rights law and state law against defamation by making false statements that plaintiff " that plaintiff made statements while on a Delta Flight 494 on August 11, 2016 that falsely and intentionally defamed plaintiff by stating "Posie overheard the suspect yelling saying that the attendants were racist and making him out to be a terrorist" and " plaintiff "was yelling and pointing his finger at her saying that he is a paying passenger and that he wanted to discuss this once on the ground" These untrue statements were said at a time plaintiff was confronted by professional, personal and financial matters that exacerbated plaintiff's already precarious condition causing plaintiff to have severe anxiety attacks subject plaintiff to depression and

subject plaintiff to humiliation and ridicule causing "panic attacks, pain distress and mental anguish

5. This is an action seeking to redress the deprivation by the defendants secured to plaintiff by the Constitution of the United States and laws of the State of New York. The plaintiff was illegally stopped by the Port Authority police base on a racist and defamatory statements and conduct by flight attendants specifically by Rebecca Barnardin the star false accuser and her accomplice and Corie Nicholes Posie by falsely causing severe mental and emotion distress by their illegal and false accusations that plaintiff was a disturbance on the flight. Their statements were totally untrue in that plaintiff was obedient and did not cause any disturbance and or impair the orderly continuation of the flight. The false accusations were a cover-up for the <u>anticipated</u> and justified complaint by plaintiff.

6. Plaintiff was wrongfully detained based on false accusations by flight attendant Bernardin and Posie. Plaintiff was flying stand-by under the grace and love of his best friend of thirty-six (36) years, Mr. Steven Greenidge.

7. Before the flight plaintiff approached flight attendant Bernardin for a coke to eat with sandwich brought on board. Bernandin replied that the service would not start is until the plane was in flight.

8. Bernandin stated that they could not break the seal until the flight liftoff.

9. Plaintiff understood and when back to his seat.

10. Subsequently the Bernandin came to plaintiff's seat (13C) and asked plaintiff for his boarding pass (which plaintiff would have never gotten on the plane without) which he complied.

11. When the flight took off the flight attendant Bernandin came by with the service tray.

12. Plaintiff asks flight attendant Bernandin that did asking for a coke trigger her reason why she asked me for my boarding pass?

13. Bernandin abruptly responded by stating that I was not a paying passenger (implying that I had no right to ask a questions).

14. Plaintiff in fact because of full capacity flight at LaGuardia, computer malfunction with Delta in Atlanta and the cost of rental to get to Orlando from Atlanta, the total cost came to approximately $800 for the three way trip(far above what a "paying passenger would have paid).

15. Defendant Bernandin, the chief antagonist in this matter attempted to promote an argument by not understanding that plaintiff still wanted a coke but the seat plaintiff was sitting in also had the benefit of a free alcoholic beverage.

16. Defendant Bernandin stated plaintiff was agrumentive (which other passengers would have taken exception).

17. Passenger Pfeiffer (seat 13A) started a conversation with plaintiff in regard to flight attendant Bernandin strange behavior. The passengers in seats 13D and 13E (Solomon's) all joined in to speak on flight attendant Posie's strange behavior.

18. An employee with a Delta uniform (possibly a pilot in 12C) apparently went up front and told an erroneously story to Bernandin and Posie that plaintiff was talking about their behavior.

19. The strange behavior of flight Attendant Bernandin stimulated conversation among other passengers in Seat 13C (Ms. Pfeiffer) and Mr. and Mrs. Solomon (Seat 3D and 13E) at their astonishment of flight attendant Bernandin behavior.

20. They were very conversant with plaintiff in regard to flight attendant Bernandin aberrant behavior.

21. Plaintiff at no time never raises his voice

22. Plaintiff remained calm and polite at all times.

23. Plaintiff was cognizant in regard to the high sense of awareness the airline industry places on security.

24. There was no suggestion by flight attendant Bernandin as to what kind of drinks they offered because plaintiff had requested a vodka and cranberry at the outset.

25. Plaintiff received and got both drinks at close intervals.

26. Flight attendant Posie could not overhear any negative conversation by plaintiff.

27. Flight attendant Posie was simply lying.

28. The pilot in seat 12C overheard negative conversations by other passengers and plaintiff.

29. This pilot( or other uniformed personnel) fabricated a lie to get the most toxic effect against plaintiff'

30. Plaintiff never mentioned how "<u>bad the Delta flight attendants were and that he will never fly Delta again</u>"

31. This statement made by Bernandin was s counterintuitive because I was flying standby on the good grace of Mr. Greenidge.

32. Neither flight attendant Bernandin or Posie ever heard any negative comments from plaintiff that was not joined by other passengers.

33. Flight attendant Posie or Bernandin were never within range to hear any negative conversations regarding their aberrant behavior.

34. Both defendants Posie or Bernandin got their information from the man sitting in seat 12C and did not have any firsthand knowledge.

35. The man is seat 12C intentional twisted the story to fully implicate plaintiff in order to fuel his racist proclivities.

36. Plaintiff asserts that there was no reason to "cool off" because the brief exchanges plaintiff had with flight attendant Bernandin never amounted to such a need to "cool off.

37. Flight attendant Bernandin was not stationed in the back of the plan) except when servicing the rear of the plane.)

38. Plaintiff asserts that if and when flight attendant Bernandin sought some form of refuge, she would be upfront at her own station not in the back.

39. Flight Attendant Bernardin is liar and her chief actor and her accomplice attendant Posie are two of the same kind.

40. Plaintiff asserts there was never what would be termed "altercation because a conversation in a civil tone could never be termed an altercation.

41. Plaintiff was approached by flight attendant Posie who requested plaintiff come up to the front of the plane. Plaintiff complied.

42. Both Bernandin and Posie mentioned that I was "talking about them".

43. Plaintiff stated to them that he did not want to discuss any matters while the plane was in-flight and that plaintiff would take the matter up when the plane landed.

44. Plaintiff asserts that the prime reason that calling plaintiff to the front of the plane was to try to excite and encourage plaintiff to do or say something that would cause attention to him and get plaintiff arrested.

45. Passengers will confirm that at no time did plaintiff say" was yelling and pointing his finger at the saying that he is a paying passenger and that he would discuss the matter once on the ground".

46. Passengers will confirm at no time plaintiff was "yelling saying that the attendants were racist and making him out to be a terrorist".

47. Plaintiff was calm, never raised his voice and at no time said any of the accusations asserted by flight attendants Bernandin and Posie.

48. Plaintiff stated to flight attendant Bernardin and Posie is less than 5 seconds that plaintiff wanted to wait till the plane landed'

49. Plaintiff asserts that both flight attendants Bernandin and Posie pre-exempted plaintiff's possible complaint against them by fabricated a false and demeaning lying complaint causing plaintiff severe mental anguish and pain.

50. They both attempted to incite/excite plaintiff into loud or conspicuous behavior to create attention towards a tall black man at 6" 4' to cause negative attention and get plaintiff in trouble.

51. Plaintiff asserts that flight attendant Bernardin and Posey conspired and orchestrated false and erroneous complaints in order to humiliate and demean plaintiff.

52. The overwhelming show of force by about four or five Port of New York/ New Jersey police officers exacerbated plaintiff's already existing precarious mental condition and nosedive plaintiff into further anguish, mental pain/anxiety, humiliation and embarrassment resulted in uncontrollable tears in the terminal as a result of Bernandin and Posey's false comments and egregious behavior.

53. Plaintiff's passive behavior/conduct on flight 494 could **never be graded** to any level of terrorist type conduct.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST REBECCA BERNANDIN AND CORIE NICHOLS POSIE

54. That the Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 53 with the same force and effect as though more fully set forth at length herein.

55. Defendant Bernandin and Posie made comments and statements that were false. They both knew that their comments and or statements were false and they conspired to meant, embarrass, degrade, humiliate and subject plaintiff to severe mental anguish and suffering causing plaintiff to suffer in the amount of $2,000,000 dollars.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST PORT AUTHORITY OF THE STATES OF NEW YORK AND NEW JERSEY

56. That the Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 55 with the same force and effect as though more fully set forth at length herein.

57. The force used by the Port Authority of New York/New Jersey police was excessive, unnecessary and unreasonable.

58. As a consequence thereof, Plaintiff has been greatly injured and his emotional pain and suffering has exacerbated to severe mental anguish and suffering causing plaintiff to suffer in the amount of $1,000,000 dollars.

59. Plaintiff seeks that the Port Authority of New York/New Jersey provide all information connected with this alleged incident

### REQUEST FOR RELIEF

**WHEREFORE,** plaintiff respectfully demands the following judgment be entered as follows:

1. Declaratory relief as follows;
2. Declaration that plaintiff's right to be free from unreasonable searches and seizures under the United States Constitution was violated.

(B) Compensatory damages in the amount of $2,000,000 against Delta and employees Bernandin and Posie.

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in the amount of $ 2, 000,000 against Delta.

(D) By reason of wrongful detention and concealing public information against the Port Authority of the States of New York/ New Jersey the sum of $500,000(dollars).

(E) An award to plaintiff of the costs and disbursements herein.

(F) An award of reasonable attorney fees less than 42 U.S.C.Section 1988.

(G) Such other and further relief as this Court may deem just and proper.

Dated: August 15, 2017
New York, New York

By *Ralph Brannon* (signature)
RALPH BRANNON Esq.
116 West 23rd Street-Fifth Floor
New York, New York 10011
(Phone) 347-767-8482